# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON, # 65920,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00214** |
| | ) | |
| **JONATHAN W. TURNER, *et al.*,** | ) | **Judge Trauger** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Gordon who is in custody of the Williamson County Sheriff's Office in Franklin, Tennessee, filed a pro se complaint alleging defamation against his ex-wife and her attorney. (Doc. No. 1). As explained below, this action will be dismissed for lack of subject-matter jurisdiction.

## I.     FILING FEE

The plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of The plaintiff's IFP Application and supporting documentation, it appears that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

1

remainder in installments. Accordingly, the plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Sheriff's Office to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the

2

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows the plaintiff to his new place of confinement for continued compliance.

## II.    DISMISSAL

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "[S]ubject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

Here, the plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, the plaintiff's only asserted cause of action is a defamation claim based on Tennessee law. (Doc. No. 1 at 1−6); *cf. Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). The court does not have jurisdiction over the plaintiff's state-law tort claim pursuant to 28 U.S.C. § 1331.

Moreover, Plaintiff does not allege facts indicating the court has subject-matter jurisdiction pursuant to any other statute. Notably, he expressly disavows 42 U.S.C. § 1983 as a basis for this action. (Doc. No. 5). And he does not allege diversity of citizenship. *See* 28 U.S.C. § 1332; (Doc. No. 6 at 1) ("Turner is an attorney in Tennessee for Mishkin."); (Doc. No. 1-2 at 1) (indicating that the defendants are "Citizen[s] of This State").

Because this court lacks subject-matter jurisdiction over this action, it will be dismissed.

### III. CONCLUSION

The IFP Application (Doc. No. 2) is **GRANTED**.

This action is **DISMISSED** for lack of subject-matter jurisdiction.

The plaintiff's motion to join cases (Doc. No. 6) is **DENIED** as moot.

This order resolves all claims in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

Any appeal from this order would not be taken in good faith, because the plaintiff has no objectively reasonable argument that his claims were improperly dismissed. *See* Fed. R. App. P. 24(a)(3)(A).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4